UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   1:21-CV-10947

WALEED SAYED,

   *Plaintiff*

v.

MILITARY SEALIFT COMMAND,

   *Defendant*

**COMPLAINT**

Plaintiff Waleed Sayed brings this action against Defendant Military Sealift Command ("MSC") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and alleges as follows:

## PARTIES

1. Plaintiff Waleed Sayed is an individual residing at 106 High Street, Ashland, County of Middlesex, Massachusetts.

2. Defendant Military Sealift Command is a federal agency within the meaning of the FOIA and has possession of and control over the records Plaintiff seeks. Defendants address for service of process is Secretary of the Navy c/o General Counsel of the Navy, Naval Litigation Office, 720 Kennon Street, SE, Room 233, Washington Navy Yard, DC 20374-5013.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 25 U.S.C. § 1391(e).

## FACTS

### Plaintiff's First FOIA Request

5.  On August 5, 2020 Plaintiff submitted an initial FOIA request ("Initial Request") to Defendant seeking the release of records concerning the certification status of the Floating Dry Dock "Alabama" (the "Dry Dock") at the shipyard owned and/or operated by Alabama Shipyard, LLC (the "Shipyard") in Mobile, Alabama. *(A true and accurate copy of the Initial Request is attached as <u>Exhibit A</u>.)*

6.  Among the categories of documents requested in the Initial Request were documents evidencing and including the certification or re-certification of the Dry Dock on, after and before November 26, 2019, any "self-certification" of the Dry Dock by MSC, or at the direction of MSC, if any, undertaken or completed on or after November 26, 2019, the United States Navy certifications of the Dry Dock, if any, undertaken or completed on or after November 26, 2019, the communications between MSC, on the one hand, and the Shipyard, on the other hand, concerning the status of the certification of the Dry Dock as of or after November 26, 2019, and all of the communications between MSC, on the one hand, and any other person or entity, including without limitation representatives of the engineering company known as Heger Dry Dock, Inc. of 77 Main St, Hopkinton, MA 01748 concerning the certification of the Dry Dock at any time on or after November 26, 2019

7.  The request was assigned the following identification number: DON-NAVY-2020-011031.

8.  Plaintiff attached the last known "Certificate of Capacity" for the Dry Dock, which was prepared by Wally Sayed, PE, formerly of HDD, to the Initial Request.  (<u>Exhibit A</u>.)

**Plaintiff's First Appeal**

9. After Defendant failed to produce responsive documents, and three months' time had passed since the filing of the Initial Request, Plaintiff filed an appeal ("First Appeal") by a letter dated November 9, 2020. *(A true and accurate copy of the First Appeal is attached as Exhibit B.)*

10. The First Appeal was assigned the following identification number: DON-NAVY-2021-001128.

11. On November 17, 2020, Plaintiff received correspondence from Terri Blair, the FOIA Coordinator for MSC, regarding a response to Plaintiff's Initial Request ("Initial Response"). This response included a single page of a multi-page document – a redacted copy of the very same "Certificate of Capacity" attached to the Initial Request by Plaintiff, thus providing no additional information. (*A true and accurate copy of the Initial Response is attached as Exhibit C.*)

12. Plaintiff immediately responded that this was not sufficient in an e-mail correspondence dated November 17, 2020. Subsequent efforts to get a response from Defendant proved fruitless. *(A true and accurate copy of Plaintiff's Response dated November 17, 2020, is attached as Exhibit D.)*

13. On December 3, 2020, Plaintiff received a letter from the Department of the Navy granting the Initial Appeal and directing Defendant to inform Plaintiff of the status of the request within twenty (20) working days of the date of the letter. *(A true and accurate copy of the letter dated December 3, 2020, is attached as Exhibit E.)*

**Plaintiff's Second Appeal**

14. The twenty (20) working days from December 3, 2020 was January 5, 2021. No information or documents were received from Defendant, despite numerous e-mail

correspondence and telephone calls from Plaintiff requesting status updates. Five (5) months after Defendant received the Initial Request and continued unresponsiveness, Plaintiff filed a second appeal ("Second Appeal") by a letter dated January 5, 2021. *(A true and accurate copy of the Second Appeal is attached as Exhibit F.)*

15. The only correspondence Plaintiff received after the Second Appeal was a series of e-mails attempting to explain the Department of the Navy's perceived complications regarding the processing of the Second Appeal. Correspondence on March 1, 2021 between Plaintiff and Lieutenant Alyssa Williams, claim that Defendant was not aware of the November 17, 2021 communication to Plaintiff. Further correspondence between Plaintiff and Lieutenant Alyssa Williams suggest that a firewall may have prevented of any Plaintiff's emails from reaching Defendant's office, however this still does not satisfy Plaintiff's request for documents. *(A true and accurate copy of the email correspondence dated March 1, 2021, is attached as Exhibit G.)*

16. Nevertheless, on March 3, 2021, Plaintiff received correspondence from Terri Blair, the FOIA Coordinator for MSC, advising that they have re-opened DON-NAVY-2020-011031. *(A true and accurate copy of the email correspondence dated March 3, 2021, is attached has Exhibit H.)*

### Plaintiff's Third Appeal

17. At the suggestion of the DON, Plaintiff sent a letter on March 10, 2021, to Defendant appealing for the third time ("Third Appeal"). Plaintiff requested that all documents in the file of MSC be identified within 24 hours of any decision on this Third Appeal, and that those documents be produced without redaction by Defendant, no later than three (3) days from

the issuance of such a decision. *(A true and accurate copy of the Third Appeal is attached as* <u>*Exhibit I.*</u>*)*

    18.    Three months have now passed since Defendant received Plaintiffs' Third Appeal and Plaintiff has not received any requested documents or status updates regarding the decision.

## FIRST CAUSE OF ACTION
## (Violation of FOIA, 5 U.S.C. § 552)

    19.    Plaintiff repeats and incorporates by reference each of the foregoing allegations as is fully set forth herein.

    20.    Because Defendant has failed to comply with the time limit allotted by statute and regulation, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); 34 C.F.R. § 5.4 (c)(1).

    21.    By failing to respond to Plaintiff's Request within the statutorily prescribed time limit, Defendant has violated its duties under FOIA, including but not limited to its duties to promptly produce all responsive, reasonably segregable, non-exempt information, and to communicate to Plaintiff its determination as to Plaintiff's Request. 5 U.S.C. § 552.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that Defendant has violated FOIA, by its failure to timely respond to Plaintiff's Initial Request, and its failure to make the requested records promptly available;

(2) Order Defendant to make the requested records available to Plaintiff at no cost and without delay;

(3) Retain jurisdiction over this case to rule on any assertions by Defendant that any responsive records held by Defendant are, in whole or in part, exempt from disclosure;

(4) Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552 (a)(4)(E); and

(5) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Neal J. Bingham
Neal J. Bingham, BBO# 652029
**LAW OFFICES OF JERRY C. EFFREN**
25 West Union Street
Ashland, MA 01721
P: (508) 881-4950
F: (508) 881-7563
E: nbingham@effren.net

Date: June 4, 2021